IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAULINE ASPENLIND,

   Plaintiff,        No. CIV S-07-0768 GEB EFB PS

 vs.

AMERICA'S SERVICING COMPANY,  FINDINGS AND RECOMMENDATIONS
a California Corporation,

   Defendant.
_____/

   This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and alternatively for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff filed an untimely opposition to that motion, as well as a "motion to strike" defendant's motion to dismiss – a motion not authorized under the Federal Rules of Civil Procedure.[1]  Having reviewed the submitted briefing, the court recommends that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted without leave to amend.

/////

---

[1] As discussed below, the court construes both documents as oppositions to the motion.

1

# I. BACKGROUND

This action is proceeding on the original complaint, which is thirty-six pages in length and comprised of rambling factual allegations and uncontextualized, incomplete legal citations. Plaintiff makes numerous allegations against defendant America's Servicing Company (erroneously sued as American Service Company), the successor-in-interest to an unidentified party with whom plaintiff claims she executed an "alleged" promissory note in exchange for financing on her real property located at 2565 Virginiatown Road, Lincoln, California (the "subject property"). Compl., at 3:1-7. Plaintiff alleges that America's Servicing Company ("ASC") has proceeded to foreclose on the property, and she makes numerous allegations regarding the purported illegality of the foreclosure. In particular, she alleges that the promissory note was altered after she signed it, that it was deposited in "an account (like a checking account)" and "collected from the Federal Reserve Bank [for] approximately 9 times the amount of the note." Compl., at 3:4-8. Plaintiff alleges that the altered note was "made in order for issuer to create credit out of thin air," and that this "created credit" is nothing more than a bookkeeping entry that does not actually exist. Compl., at 3:7-8; 6:10- 8:15.

Plaintiff further alleges that when ASC's predecessor sold the note, the note was "treated by the bank as an asset that could be exchanged for cash," and that "ASC's scheduled foreclosure action is fraudulently double dipping in that the note is an exchangeable instrument and an asset and the house is an asset." Compl, at ¶¶ 25, 26. Plaintiff alleges that "ASC is collecting an exchange and not a loan" and that "this exchange is a criminal conversion." Compl., at ¶¶ 30-31. Plaintiff also alleges that ASC "charges usurious rates on money," and "extorts hard-earned dollars in exchange for non-existent money created by touch of computer keys." Compl., at ¶¶ 40-41. Plaintiff makes further vague allegations regarding ASC's purported violations of the "Monetary Control Act of 1980," "current cases that are Stari Decisis [*sic*]," and, among other things, a publication entitled "Modern Money Mechanics, Federal Reserve Bank of Chicago." *See, e.g.*, Compl., at 7:6-28.

These allegations culminate in plaintiff setting forth two causes of action: (1) fraud, and (2) a violation of her rights under "the Ninth Article in amendment to the Constitution," which defendant, and the court, construe as alleging violations of plaintiff's purported rights pursuant to the Ninth Amendment. Compl., at ¶ 62.

Defendant moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6), and alternatively for a more definite statement pursuant to Rule 12(e). Plaintiff failed to file a timely opposition to defendant's motion. The court therefore ordered plaintiff to show cause for such failure, and directed her to file an opposition within ten days. *See* Local Rule 78-230(b) (timing of opposition). The court cautioned plaintiff that failure to respond to the order or to file an opposition would be deemed a statement of non-opposition, and would result in a recommendation that defendant's motion be granted. Plaintiff did not timely respond to the order, but did eventually file an opposition – more than twenty days after she was ordered to do so.[2] Despite plaintiff's failure to abide by this court's order, the court has reviewed the opposition, which, as discussed below, confirms that defendant's motion to dismiss should be granted.

**II. DISCUSSION**

  **A. Standards**

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

---

[2] In lieu of recommending an outright grant of defendant's motion based on plaintiff's failure to comply with the order to show cause, the court finds that the untimeliness and frivolousness of plaintiff's opposition(s) serve as an alternate basis for its recommendation of dismissal. The court otherwise discharges the order to show cause.

support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976); *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In a case where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B. Application**

    1. <u>**Ninth Amendment**</u>

One of plaintiff's two causes of action is premised on defendant's alleged violations of her constitutional rights under the Ninth Amendment. Plaintiff alleges that foreclosure of the subject property is a violation of her rights under "the Ninth Article in amendment to the Constitution" – specifically her "right of privacy" and to her "right to enjoy private property, and for the protection against fraud." Compl., at ¶ 62.

The Ninth Amendment does not independently create a constitutional right for purposes of stating a claim. *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (citing

////

////

4

*Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986)).[3]  It is "*not* a source of rights as such; it is simply a rule about how to read the Constitution." *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (quoting Laurence H. Tribe, *American Constitutional Law* 776 n.14 (2d ed. 1988)) (emphasis in original).

Even if the Ninth Amendment did create a constitutional right for purposes of stating a claim, plaintiff has not, nor can she, allege that defendant is a state actor for purposes of making out a constitutional violation under 42 U.S.C. § 1983.

"The ultimate issue in determining whether a person is subject to suit under § 1983 is. . . [whether] the alleged infringement of federal rights [is] fairly attributable to the government." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)) (internal quotations omitted).  "[T]he party charged with the deprivation must be a person who may fairly be said to be a governmental actor." *Sutton*, 192 F.3d at 835 (citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (citation and internal quotation marks omitted).

Here, plaintiff alleges that defendant is a private entity – a California corporation – and does not, and cannot, allege that it is a governmental actor for purposes of § 1983.  Compl., at ¶ 4.  Accordingly, her cause of action brought pursuant to the Ninth Amendment must be dismissed without leave to amend.

////

---

[3] The Ninth Amendment states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It has been argued that the Ninth Amendment protects rights not enunciated in the first eight amendments. *See Griswold v. Connecticut*, 381 U.S. 479 (1965) (Goldberg, J., concurring); *Wise v. Bravo*, 666 F.2d 1328, 1332 (10th Cir.1981). "Nevertheless, the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg*, 791 F.2d at 748.

### 2. Fraud

With regard to plaintiff's cause of action for fraud, she alleges that:

> ASC falsely represented that INJURED owe "loaned" money and has collected money on an adulterated note that before it was adulterated it paid for the exchange of money and has failed to inform INJURED that the note was adulterated after INJURED signed it and that INJURED don't owe any more money beyond the already made exchange as per Stari Decisis prevailing case law.

Compl., at ¶ 47.

Plaintiff's allegations of alleged fraud surrounding the promissory note executed to secure financing for her property are vague, confusing, and largely unintelligible. Defendant moves to dismiss this claim for failure to allege fraud with the required particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

A complaint alleging fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). That rule provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

"To avoid dismissal for inadequacy under Rule 9(b), [a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004) (internal quotations omitted); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity.").

Plaintiff fails to state any of these necessary elements, let alone with the particularity required under Rule 9(b). The allegations are so vague that is nearly impossible to discern the basic facts surrounding the purported fraud. Moreover, plaintiff has failed to clarify her allegations through either of the documents submitted in opposition to defendant's motion to

dismiss.

The court notes that plaintiff filed two documents in apparent opposition to defendant's motion to dismiss. The first, entitled "Amended Notice of Motion and Motion to Strike Defendants' Amended Motion to Dismiss and Amended Motion for Final Judgment on the Pleadings with Proposed Order," invokes the court's admiralty jurisdiction, alleges that defense counsel are not licensed to practice law, and asserts that plaintiff is entitled to judgment on the pleadings, or default judgment, because defendant did not file an answer to the complaint. The second document, styled "Opposition to America's Servicing Company's Reply to Plaintiff's Amended Responses to Motion to Dismiss or, in the Alternative, a More Definitive Statement," again attacks defense counsel's eligibility to practice law, and asserts that defendant's motion should not be granted, because, among other things, it is unsupported by an affidavit.

Both "oppositions" merely muddy the water of her already murky complaint and, instead of attacking the merits of defendant's motion, present only frivolous arguments against it. For example, plaintiff's assertion that the motion to dismiss should be "stricken" because it is not supported by an affidavit, is misplaced. Plaintiff misunderstands the nature of a Rule 12(b)(6) motion, which merely attacks the sufficiency of the complaint. Defendant does not present any facts beyond those alleged in the complaint, and thus the motion need not be converted to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Plaintiff has also asserted that defense counsel are not entitled to practice law. She makes the curious claim that defense counsel are "foreign agents" "owing allegiance to a foreign power," i.e., the Crown of England, and therefore should not be permitted to represent defendant. *See* Pl.'s Opp'n, at 10-11 (docket no. 12). The allegations are facially frivolous. Moreover, the court takes notice that defense counsel are, in fact, licensed to practice law. *See* Def.'s Req. for Jud. Ntc. (docket no. 9) (attaching documents from the State Bar of California's database showing that the attorneys are indeed eligible to practice law); Fed. R. Evid. 201(b) (requiring acceptance of facts "subject to reasonable dispute"); *In re Tyrone F. Conner Corp., Inc.*, 140

7

B.R. 771, 781-82 (E.D. Cal. 1992); *Cal. ex rel. RoNo, L.L.C. v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003).

Plaintiff's oppositions also attempt to invoke the court's admiralty jurisdiction, refer to numerous, uncontextualized legal citations, and request judgment on the pleadings, or default judgment, based on defendant's failure to file an answer. Plaintiff again misinterprets or ignores the Federal Rules of Civil Procedure, which do not require a responsive pleading to be filed until the court has ruled on defendant's Rule 12(b) motion. Fed. R. Civ. P. 12(a).

In light of the foregoing, the court finds that plaintiff has failed to state a claim for which relief may be granted, and recommends dismissal on that basis. Further, plaintiff's claims, and arguments in opposition to dismissal, are patently frivolous. The court recommends that the dismissal be without further leave to amend. As evidenced by plaintiff's complaint and the failure of her (untimely) oppositions to address the merits of defendant's motion, the court finds that amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of a pro se complaint for failure to state a claim is proper where amendment would be futile).

### III.  CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant's May 14, 2007, Rule 12(b)(6) motion to dismiss be granted without leave to amend; and,

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE